People ex rel. Bright v Maginley-Liddie (2025 NY Slip Op 06979)

People ex rel. Bright v Maginley-Liddie

2025 NY Slip Op 06979

Decided on December 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-14505

[*1]The People of the State of New York, ex rel. Elizabeth Bright, on behalf of Tharanga Laththuwa Handi, petitioner, 
vLynelle Maginley-Liddie, etc., respondent.

Twyla Carter, New York, NY (Elizabeth Bright pro se of counsel), for petitioner.
Michael E. McMahon, District Attorney, Staten Island, NY (Nicole Kaye, Thomas B. Litsky, and Matthew White of counsel), for respondent.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Tharanga Laththuwa Handi upon his own recognizance or, in the alternative, to set reasonable bail upon Richmond County Docket No. CR-007948-25RI.
ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith, and the writ is otherwise dismissed.
The principal, Tharanga Laththuwa Handi, was arrested and charged with making graffiti (Penal Law § 145.60[2]), a class A misdemeanor, under Richmond County Docket No. CR-006882-25RI. The principal was issued a desk appearance ticket, returnable for October 1, 2025, but did not appear for his arraignment until November 10, 2025. During that arraignment, the Criminal Court released the principal on his own recognizance and ordered a CPL article 730 examination.
On November 15, 2025, the principal was arrested again and charged under Richmond County Docket No. CR-007948-25RI with, inter alia, criminal mischief in the fourth degree (Penal Law § 145.00), menacing in the second degree (id. § 120.14[1]), and criminal possession of a weapon in the fourth degree (id. § 265.01[2]), all of which are class A misdemeanors. During the principal's arraignment on Docket No. CR-007948-25RI, the Criminal Court determined that Docket No. CR-007948-25RI was bail qualifying (see CPL 510.10[4][t]), ordered a CPL article 730 examination, and remanded the principal into custody pending completion of the examination.
At a bail review hearing, the Supreme Court determined that the Criminal Court did not abuse its discretion in remanding the principal into custody pending completion of the CPL article 730 examination. The petitioner commenced this proceeding for a writ of habeas corpus in the nature of an application to release the principal upon his own recognizance or, in the alternative, to set reasonable bail upon Docket No. CR-007948-25RI.
Under CPL 510.10(1), the court must issue a securing order for a principal "whose future court attendance at a criminal action or proceeding is or may be required" (see People ex rel. Rankin v Brann, 41 NY3d 436, 439). "Where the principal stands charged with a qualifying offense, the court, unless otherwise prohibited by law, may in its discretion release the principal pending trial on the principal's own recognizance or under non-monetary conditions, fix bail, or order non-monetary conditions in conjunction with fixing bail, or, where the defendant is charged with a qualifying offense which is a felony, the court may commit the principal to the custody of the [*2]sheriff" (CPL 510.10[4]). Under CPL 510.10(4)(t), a principal stands charged with a qualifying offense when he or she stands charged with "any felony or class A misdemeanor involving harm to an identifiable person or property . . . where such charge arose from conduct occurring while the defendant was released on his or her own recognizance, released under conditions, or had yet to be arraigned after the issuance of a desk appearance ticket for a separate felony or class A misdemeanor involving harm to an identifiable person or property."
Here, the principal was charged with a qualifying offense under Docket No. CR-007948-25RI. The principal was charged with three class A misdemeanors, and the criminal complaint indicated that these charges involved harm to an identifiable person or property (see CPL 510.10[4][t]). Further, these charges arose from conduct occurring either while the principal had yet to be arraigned after the issuance of his desk appearance ticket under Docket No. CR-006882-25RI for making graffiti, a class A misdemeanor involving harm to property, or while he was released on his own recognizance under Docket No. CR-006882-25RI (see id.).
Nevertheless, the Criminal Court should not have remanded the principal into custody. A principal may only be remanded when charged "with a qualifying offense which is a felony" (CPL 510.10[4] [emphasis added]). Here, the principal was not charged with a felony under Docket No. CR-007948-25RI. Since the principal could not be remanded pursuant to CPL 510.10(4), he was not "in custody" for purposes of CPL 730.20(3). "[W]hen a defendant is not in custody, a court only has the authority to either order a competency examination on an outpatient basis or to direct that the defendant be confined in a hospital pending completion of the examination upon proper medical recommendation that such confinement is necessary" (People ex rel. Molinaro v Warden, Rikers Is., 39 NY3d 120, 122; see CPL 730.20[2]). Thus, the court could not remand the principal into custody solely because a CPL article 730 examination had been ordered (see People ex rel. Molinaro v Warden, Rikers Is., 39 NY3d at 122).
Accordingly, we sustain the writ to the extent of remitting the matter to the Supreme Court, Richmond County, for further proceedings consistent herewith.
BARROS, J.P., GENOVESI, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court